**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
CASE NO: 0:14-cv-60808-MGC

GAYLE HELMAN,

      Plaintiff,

vs.

UDREN LAW OFFICES, P.C., a New Jersey
Corporation, and NATIONSTAR MORTGAGE,
LLC, a Delaware company,

      Defendants.

_____/

**DEFENDANT'S, UDREN LAW OFFICES, P.C., VERIFIED[1]**
**MOTION FOR ATTORNEYS' FEES**

    The Defendant, UDREN LAW OFFICES, P.C., ("Udren"), by and through its undersigned counsel, and Rule 54(d) of the Federal Rules of Civil Procedure, the Fair Debt Collection Practice Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and Local Rule 7.3, files its Verified Motion for Attorneys' Fees and Memorandum of Law in Support and, states the following:

**I.      INTRODUCTION**

    This case involves claims by the Plaintiff, GAYLE HELMAN ("Plaintiff") against Udren for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). The Plaintiff alleged that during the pendency of Plaintiff's *Helman I* suit, Udren sent a letter to Plaintiff on behalf of Co-Defendant, NATIONSTAR MORTGAGE, LLC ("Nationstar"). [ECF No. 97 ¶¶ 15-26]. As the Plaintiff claimed, this letter was an improper attempt to collect a debt for which Plaintiff was no longer

---

[1] *See* Affidavit of Rachel K. Beige, Esq., verifying attorneys' fees expended on this matter on behalf of Udren Law Offices, P.C. in defending this matter, which is attached hereto as **Exhibit "A."**

liable. *Id.* On April 3, 2014, after Plaintiff's claims in *Helman I* had been transferred to

bankruptcy court, Plaintiff filed the instant action against Defendants.[2] Specifically, the Plaintiff

claimed that Udren violated the FDCPA by sending the Plaintiff a letter, dated April 4, 2013

("April Letter"), which provided:

> Our client, Nationstar Mortgage, LLC, has referred your loan to us. **You may have foreclosure prevention alternatives available to you**. You may have had an unexpected expense, loss of income, or another circumstance that has prevented you from making your mortgage payments. If you provide information to Nationstar Mortgage, LLC about your situation, Nationstar Mortgage, LLC may determine **whether you qualify for long-term relief, including options that allow you to stay in your home** (forbearance, repayment, modification) or leave your home **while avoiding foreclosure** (short sale, deed-in-lieu of foreclosure).
>
> Nationstar Mortgage LLC may have previously sent you a letter advising you **of possible alternatives to foreclosure…. Even if you have previously indicated you are not interested in saving your home, you may still be evaluated for alternatives to foreclosure.**

[ECF No. 129] (emphasis in original). Plaintiff filed three (3) versions of her complaint, each

one containing identical allegations against Udren and, as a result, each version was met with a

Motion to Dismiss.

On December 17, 2014, this Honorable Court entered a nineteen (19) page Order

granting Udren's Motion to Dismiss ("Order") and detailing the various reasons why Plaintiff's

debt collection claims against Udren were not legally cognizable. [ECF No. 129]. In dismissing

the Plaintiff's FDCPA claims with prejudice[3], this Court held that Udren did not engage in debt

collection under the Act:

---

[2] The claims contained within the Complaint were factually "similar to those brought against Bank of America in *Helman I*." [ECF No. 129].

[3] The Court's December 17, 2014 Order referred to Bankruptcy Court the issues of "whether Defendant's alleged action would violate Plaintiff's bankruptcy discharge." [EDF No. 129]. Helman declined to litigate such claims in Bankruptcy Court. *See* Case No. 09-bk-19174-PGH.

> The instant letter merely communicated information. Alternatively, even viewing all of Plaintiff's alleged facts in the light most favorable to Plaintiff, the instant letter is **at best** a communication confined to a security interest enforcement which…is not encompassed by the scope of the FDCPA."

*Id.* (emphasis added). That notwithstanding, the Plaintiff filed a Third Amended Complaint on December 29, 2014, which included <u>identical</u> allegations against Udren, and continued to assert the same claims that were dismissed with prejudice and/or referred to the Bankruptcy Court. [ECF No. 131]. Furthermore, this Court, in denying Udren's Fourth Motion to Dismiss as moot, reserved the right to order sanctions after a final order is rendered in this case as to every Defendant.[4] [ECF No. 138]. On February 5, 2015, this Honorable Court entered Final Judgment for Udren, which expressly reserved jurisdiction to award costs and fees upon timely[5] motion. [ECF No. 143].

This case has all the hallmarks of abusive litigation. As will be discussed below, Plaintiff's contumacious disregard for this Court's Order, and her needless pursuit of defective claims against Udren, warrants an award of fees.

## II.     ARGUMENT AND MEMORANDUM OF LAW

### A.     Udren is Entitled to Attorneys' Fees Against Plaintiffs and Plaintiffs' Counsel Pursuant to 28 U.S.C. § 1927

As discussed *infra*, Udren should be awarded attorneys' fees against Plaintiff's counsel pursuant to 28 U.S.C. §1927, which prohibits unreasonable and vexatious[6] multiplication of

---

[4] Plaintiff's claims against Nationstar remain pending for determination.
[5] Notwithstanding the Court's January 13, 2015 order allowing sanctions to be brought after a final order is rendered in this case against every Defendant, Local Rule 7.3(a)(1) requires the instant motion, which arises from the entry of a final judgment, be filed within (60) days thereof.
[6] The term "unreasonable" connotes that the court must compare the attorney's conduct against the conduct of a "reasonable" attorney, and make a judgment about whether the conduct was acceptable according to an objective standard. *Almong & Almong, P.A. v. Denny's Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). The term "vexatious" similarly requires an evaluation of the attorney's objective conduct. *Id*. Otherwise stated, both terms demand an objective analysis, and § 1927 does not require a subjective malicious intent or bad purpose. *Id*.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

proceedings. *See Conner v. BCC Financial Mgmt. Serv., Inc.,* 597 F.Supp.2d 1299 (S.D. Fla. 2008). It is important to note that Courts in this District have awarded sanctions under Section 1927 even in the absence of meeting the standard under the FDCPA. *See id.* (finding that a "reasonable attorney in counsel's position would have dropped this matter early in the proceedings instead of 'making a federal case' out of, among other things, Defendant's inaccurate address information. The needless continuation of meritless claims demonstrate that counsel's actions were reckless and unreasonable, and warrant a finding of bad faith"). To award sanctions, three requirements must be satisfied: (1) "an attorney must engage in 'unreasonable and vexatious' conduct; (2) such 'unreasonable and vexatious' conduct must multiply the proceedings; [and] (3) the amount of the sanction cannot exceed the costs, occasioned by the objectionable conduct." *See McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir.2001) (*citing Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997)). Further, Section 1927 requires a "touchstone" of "bad faith" on the part of the attorney. *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225–26 (11th Cir.2003).

In the Eleventh Circuit, an attorney is deemed to multiply proceedings when the attorney's conduct is so egregious that it is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006) (*citing Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991); *see also Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). A finding of bad faith and, therefore, an imposition of sanctions is warranted "where an attorney knowingly or recklessly pursues a frivolous claim…" *Schwartz v. Millon Air, Inc*., 341 F.3d 1220, 1225 (11th Cir. 2003). Applying this standard to the case at bar, sanctions are warranted.

In the case *sub judice*, the Plaintiff's claims against Udren were factually baseless from the outset and objectively insufficient to commence a lawsuit. A review of the docket clearly

shows the litigious nature of the Plaintiff's counsel. To date, and even though the case failed to progress beyond the Motion to Dismiss phase, there have been 163 filings for this matter, consisting, *inter alia*, Plaintiff's filing of various defective pleadings, extensive discovery motions on not only the merits of the action but also Plaintiff's pursuit of class-wide discovery, and countless requests for sanctions.

Indeed, even after the Court entered its December 18, 2015 Order dismissing all claims against Udren, Plaintiff and her counsel continued to pursue claims against Udren in the Third Amended Complaint knowing these claims could not possible prevail. In a good faith effort to avoid court involvement, the undersigned notified Plaintiff's counsel that the Third Amended Complaint did not comply with the Court's Order.[7] These efforts were not availing, and the undersigned was forced to file its Motion to Strike and for Sanctions, and (Third Renewed) Motion to Dismiss the Third Amended Class Action Complaint. [ECF No. 133]. The Court subsequently struck Plaintiff's Third Amended Complaint, and ordered that Plaintiff file another amended complaint that complied with the Court's order within ten (10) days of the date of the Order. [ECF No. 136]. Further evidence of the Plaintiff's unreasonable and vexatious conduct is the fact that she has, to date, attempted to revisit and reargue the Court's December 18, 2014 Orders on no less than three occasion. [ECF Nos. 130, 131, 152] and has even gone so far as to manufacture cause by manipulating her position in Bankruptcy Court.[8] Plaintiff's knowing pursuit of a frivolous claim warrants sanctions under every applicable standard. Moreover,

---

[7] Even after receiving clear direction from the Court that the April Letter was not debt collection activity falling within the ambit of the FDCPA, Plaintiff's counsel made no effort to remove the claims or the 148 allegations regarding these communications from her Third Amended Complaint.

[8] Plaintiff's deceitful tactics continue, as she has recently filed a Motion for Reconsideration based on statements made in Bankruptcy Court upon referral that she mischaracterizes in any attempt to end-run back into Federal Court. Defendant has detailed such bad faith conduct in its Opposition.

Plaintiff counsel's conduct was so clearly egregious that it is "tantamount to bad faith."[9] *See Amlong & Amlong, P.A.*, 457 F.3d at 1190.

In short, Plaintiff's actions (causing unnecessary motion practice and expenses) are the exact type of behavior that Section 1927 is designed to deter. Plaintiff counsel's ligation tactics were clearly an attempt to proliferate litigation, especially after Plaintiff's counsel knew Plaintiff's claims against Udren would not survive. Indeed, Defendant anticipates additional motion practice to be garnered from this Motion wherein Plaintiff will not address the substance of the motion, but instead concentrate on some manufactured argument of timeliness.[10]  This knowing and reckless abuse of the judicial process warrants an entitlement for Udren to recover reasonable attorneys' fees expended from the inception of this case through its completion. *See Schwartz*, 341 F.3d at 1225.

## B.      Udren is Entitled to Attorneys' Fees against Plaintiff Pursuant to the FDCPA

Furthermore, Udren is entitled to attorneys' fees under the FDCPA, whereby the prevailing defendant must affirmatively show that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment. *Conner v. BCC Fin. Mgmt. Servs.*, 597 F.Supp.2d 1299, 1303 (S.D. Fla. 2

008) (*citing Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985)); 15 U.S.C. § 1692k(a)(3). Initially, it must be noted that "the Eleventh Circuit has not interpreted the meaning of 'in bad faith and for the purposes of harassment.'" *Montero-Hernandez v. Palisades Collection, LLC*, 2014 WL 505119 (M.D. Fla. 2014). That being said, the Eleventh Circuit has

---

[9] Plaintiff's counsel also caused a series of needless and baseless discovery disputes, such as requesting all attorney-client communications and demanding a supplemental privilege log for ***each individual*** communication for which a privilege was claimed. Such needless disputes necessitated hearings, motions, supplemental briefings, and protective orders, all of which caused Udren to incur additional, unnecessary expenses.

[10] The undersigned offered to either abate the instant motion or seek an agreed extension to toll the deadlines, both offers counsel for the Plaintiff rejected, opting instead to threaten sanctions. *See* **Exhibit "B"**.

found that a finding of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *See, e.g., Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225–26 (11th Cir.2003) (citations omitted). Furthermore, the Fourth Circuit has affirmed an award of attorney's fees against an FDCPA plaintiff whose case was "utterly without factual foundation." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999).

As detailed above, Udren submits that this lawsuit was nothing more than Plaintiff and her counsel's calculated attempt to proliferate litigation and harass Udren. Based on the Order in *Helman I.* From that Order, Plaintiff and her counsel knew Plaintiff did not have claims against Udren, yet needlessly pursued the identical causes of action that Judge Ryskamp dismissed nonetheless. In addition, this Court's Order made clear that "the language of the [April Letter] stands in stark contrast" to precedent whereby foreclosure prevention letters were found to be in violation of the FDCPA.[11] [ECF No. 129]. Furthermore, the Plaintiff's claims lacked such merit that this Court only needed to use a "commonsense inquiry" to analyze same. *Id*. Otherwise stated, Plaintiff's counsel knew or should have known based on "commonsense" that the claims asserted against Udren were unsupported and completely lacked substantial merit. As is clear, the Plaintiff filed her FDCPA claims against Udren knowing that the claims were factually and legally untenable, and likewise frivolous. Accordingly, this Court should sanction such behavior and award Udren its reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

**C.     Udren is Entitled to Attorneys' Fees Under Rule 11, Federal Rules of Civil Procedure**

---

[11] Such precedent was heavily relied upon by the Plaintiff in an unsuccessful attempt to substantiate her position that the April Letter violated the FDCPA.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  · 2ND FLOOR  · WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 · (561) 683-8977 FAX

Additionally, Plaintiff and her counsel's knowing pursuit of such frivolous claims warrants sanctions under Rule 11 of the Federal Rules of Civil Procedure, ***even if*** Plaintiff subjectively believed that her FDCPA claim against Udren was legally and factually sound. *See Boone v. JP Morgan, Chase Bank*, 447 Fed. Appx. 961, 965 (11th Cir. 2011) (citations omitted) ("Rule 11 does not require a showing of subjective bad faith. The bad faith element is determined by objective standards of reasonableness." (citations omitted)) (emphasis added). The court may sanction attorneys who proceed without evidentiary support, and impose a continuing obligation upon counsel to avoid "insisting upon a position after it is no longer tenable." *Puccio v. Ft. Myers*, 127 F.3d 1298 (11th Cir. 1997). Here, the Plaintiff and her counsel failed to make a reasonable inquiry of the relevant facts and law. *See* [ECF No. 129]. Further, Plaintiff and her counsel continued to pursue those claims when they knew Plaintiff lacked standing, and knew or should have known that such claims were factually and legally untenable. By needlessly pursuing such claims, Plaintiffs' counsel has violated Rule 11 of the Federal Rules of Civil Procedure and should be sanctioned accordingly.

**D.      Reasonableness of the Amount of the Fee Requested**

The starting point in setting a reasonable fee is determining the "loadstar" figure, i.e., the number of hours reasonably expended by the attorneys on the litigation, multiplied by the reasonable hourly rates for each attorney. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Norman v. Hous. Auth. of City of Mountgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). It is Udren's burden, as the movant, to establish the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services. *Blum v. Stenson,* 465 U.S. 886, 895-96 n.11 (1984). The determination of the appropriate hourly rate may be established either by analyzing

the affidavit submitted by counsel, or, if this documentation is insufficient, by relying upon the court's expertise. *Norman,* 836 F.2d at 1303. Furthermore, once "'the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 564, (1986) (*quoting Blum v. Stenson*, 465 U.S. 886, 897, (1984)).

In the instant matter, the hourly rate sought is well within an amount charged in the community for lawyers of comparable skill, experience and reputation for a consumer law action. *See* **Exhibit "A."** While other attorneys and employees of Cole, Scott, & Kissane P.A assisted with the defense of Udren in this matter, Udren was mostly represented by Rachel K. Beige, Esq., and Joseph F. Valdivia, Esq. throughout this litigation. In total, the firm expended 544.20 hours in the representation of Udren. The reasonable hourly rate expended is $240.00 for Partner, $190.00 for Associates, and $110.00 for Paralegals. The identity of the timekeepers for whom fees are sought, as well as a description of the tasks performed and hours spent on same for each timekeeper are detailed in **Exhibit "A."** The total amount sought for attorneys' fees is $120,891.00, plus any additional fees and expenses incurred in completing this matter. A supplemental Affidavit for an award of attorneys' fees and litigation expenses will be submitted two (2) weeks after the completing of the briefing in order to account for any additional time and expenses incurred in this matter.

WHEREFORE, for the foregoing reasons, UDREN LAW OFFICES, P.C. requests this Honorable Court to enter an Order granting their Motion for Fees, and any other relief this Court deems just and proper.

## <u>CERTIFICATION OF COMPLIANCE WITH S.D. FL. LOCAL RULES 7.1(A)(3) and 7.3</u>

The undersigned counsel for Udren has reached out to the Plaintiff to confer in a good faith effort to resolve the issues raised in the foregoing Motion, to no avail.  Specifically, on March 11, 2013, the undersigned provided counsel for the Plaintiffs with a draft of the motion. The Plaintiff later advised that it viewed Defendant's motion as one for sanctions under which the Court's January 13, 2015 order (which reserved the right to order sanctions after a final order is rendered in this case as to every Defendant) controlled. [ECF No. 138].  The undersigned advised that the Court's later order February 5, 2015 entered Final Judgment for Udren, which expressly reserved jurisdiction to award costs and fees upon timely motion [ECF No. 143] and that timeliness was governed under Local Rule 7.3 which required the filing of a motion within 60 days thereof.  The undersigned suggested the parties agree to hold the motion in abeyance or seek an extension/stay of the Rule 7.3 deadlines, neither suggestion Plaintiff accepted. *See* **Exhibit "B"**.  Accordingly, the parties have been unable to resolve the motion in its entirety.

Dated:  <u>April 7, 2015</u>.

Respectfully Submitted,

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant Udren
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-920
Facsimile: (561) 683-8977

By: <u>/s/ Rachel K. Beige</u>
　　RACHEL K. BEIGE
　　FBN: 016366
　　TODD R. DOBRY
　　FBN: 109081

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 7th day of April, 2015 we electronically filed the foregoing with the Clerk of Court using the CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/  Rachel K. Beige
RACHEL K. BEIGE
FBN: 0016366
TODD R. DOBRY
FBN: 109081

**SERVICE LIST**
Tony Lee Stabenow, Esq.
*Counsel for the Plaintiff*
Payton & Associates LLC
One Biscayne Tower Suite 1600
2 S Biscayne Boulevard
Miami, FL 33131
***VIA CM/ECF***

Sumeet Haresh Chugani
*Counsel for the Defendant, Nationstar Mortgage, LLC*
Akerman Senterfitt
350 E. Las Olas Blvd. #1600
Fort Lauderdale, FL 33301
***VIA CM/ECF***

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX