UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  0:14-CV-60808-ROSENBERG/BRANNON

GAYLE HELMAN, an individual,

    Plaintiff,

v.

UDREN LAW OFFICES, P.C., a New Jersey
Corporation, and NATIONSTAR MORTGAGE
LLC, a Delaware company,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART NATIONSTAR'S MOTION TO DISMISS**

    This matter is before the Court on Defendant Nationstar's Motion to Dismiss Third Amended Complaint [DE 144].  The Motion has been fully briefed.  The Court has reviewed the documents in the case file and is fully advised in the premises.  For the reasons set forth below, Defendant's Motion is granted in part and denied in part as follows:  Count VIII and Count X both are dismissed with prejudice, Count IX is dismissed in part with prejudice, and Count XI survives.

**I.     BACKGROUND**

    In 2004, Plaintiff refinanced a home mortgage loan with Bank of America.  DE 142 ¶ 7.  Bank of America later sold Plaintiff's mortgage to a third party.  *Id.* at ¶ 8.  Plaintiff subsequently filed for bankruptcy and her personal liability for her home mortgage loan was discharged in June of 2010.  *See id.* at ¶ 9.  On July 30, 2012, Plaintiff filed suit against Bank of America alleging, *inter alia*, that Bank of America had improperly attempted to collect upon a debt that had

1

previously been discharged in bankruptcy[1] ("*Helman I*"). In *Helman I*, Plaintiff essentially objected to Bank of America sending monthly statements to Plaintiff as those statements implied, Plaintiff argued, that Plaintiff still was personally liable for her mortgage. *See Helman I* at DE 82. In a written order, Judge Ryskamp determined that the majority of Plaintiff's claims properly were characterized as allegations that Bank of America had violated the bankruptcy court's discharge injunction. *See id.* After Judge Ryskamp so concluded, Judge Ryskamp dismissed Plaintiff's claims in part and transferred the remaining claims to the United States Bankruptcy Court for the Southern District of Florida. *See id.* Plaintiff appealed and on December 1, 2014, the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. On April 3, 2014, after Plaintiff's claims had been transferred to bankruptcy court in *Helman I*, Plaintiff filed the instant suit against Defendant Nationstar and brought claims that were similar to the claims brought against Bank of America in *Helman I*. DE 1.

On December 18, 2014, this Court dismissed some of Plaintiff's claims with prejudice, transferred some of Plaintiff's claims to bankruptcy court, and dismissed some of Plaintiff's claims without prejudice. Plaintiff amended her complaint with respect to the claims dismissed without prejudice, and soon thereafter Defendant Nationstar filed the motion to dismiss now before the Court.

## II.   LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short

---

[1] The Court takes judicial notice of Plaintiff's prior suit in the Southern District of Florida before Judge Ryskamp, case 9:12-CV-80808, for background information purposes. *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

2

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

### III.   ANALYSIS AND DISCUSSION

As a preliminary matter, although the Complaint before the court is styled as Plaintiff's Third Amended Complaint, it is actually the *fifth* complaint in this case. Plaintiff has had ample opportunity to plead and amend her claims, and the deadline for amended pleadings now has passed. Upon review of this case, the Court finds that further amendments would unduly prejudice Defendant and, moreover, further amendments would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). It is from this perspective that the Court analyzes Defendant's Motion to Dismiss.

Defendant argues Plaintiff's Third Amended Complaint should be dismissed on a variety of grounds: (1) Plaintiff's Third Amended Complaint is an improper shotgun pleading, (2) Plaintiff's quiet title claim (Count VIII) fails to state a claim, (3) Plaintiff's RESPA claim (Count IX) has been re-pled without alteration despite the Court's earlier dismissal of this claim, (4) Plaintiff's claim for declaratory relief (Count X) fails to state a claim, and (5) Plaintiff's FCRA claim (Count XI) also fails to state a claim. Each of Defendant's arguments is addressed in turn.

**1.   Defendant's Shotgun Pleading Argument**

Defendant argues that that Plaintiff's Third Amended Complaint is an improper shotgun pleading that fails to comply with Rule 8. Defendant's Motion is **DENIED** as to this argument.

**2. Plaintiff's Quiet Title Claim (Count VIII)**

Defendant argues that Plaintiff's quiet title claim fails to state a claim for which relief can be granted. The Court previously dismissed Plaintiff's quiet title claim for the following reasons:

> Quiet title actions are of common law origin, but have been codified in chapter 65 of the Florida Statutes. In order to bring a quiet title action to real property, the complaint must "allege sufficient facts to present a judiciable matter to a court of competent jurisdiction." *Woodruff v. Taylor*, 118 So. 2d 822, 822 (Fla. Dist. Ct. App. 1960). A complaint to quiet title must allege:
>
> 1. plaintiff's title to the property in controversy;
> 2. how plaintiff obtained title to the property;
> 3. the chain of title;
> 4. the alleged cloud or defect on title and the basis upon which defendant claims an interest in or claims the title; and
> 5. why defendant's claim is not well founded.
>
> Fla. Stat. § 66.061 (2014); *Woodruff*, 118 So. 2d at 822. Since quiet title is an equitable remedy, the plaintiff must also demonstrate why there is no relief at law. Pursuant to section 65.061(3), Florida Statutes, the plaintiff must also deraign title for a period of at least seven years prior to filing suit (unless the court orders otherwise), setting forth the book and page number where the instruments are recorded. Furthermore, a plaintiff must allege specific facts with clearness, accuracy, and certainty that show (1) the asserted claim has apparent validity and (2) the opposing party's title is invalid. *See Rhodes v. JPMorgan Chase Bank, N.A.*, No. 12-CV-80368, 2012 WL 5411062, at *3 (S.D. Fla. Nov. 6, 2012) (citing *Brickell v. Trammell*, 82 So. 221, 229 (Fla. 1919)).

DE 129. In response, Plaintiff amended her complaint and now attempts to allege all necessary elements for her quiet title claim. For the reasons set forth below, the Court focuses on the fourth element quoted above—the alleged cloud or defect upon Plaintiff's title.

There are a number of established grounds upon which a suit for quiet title can be based and upon which a cloud of title can be asserted. *See* 20 Fla. Jur. 2d Ejectment & Related Remedies § 80 (2015) (collecting cases). A suit for quiet title can be based upon an allotment to a widow of dower, an attachment, a claim of homestead, a contract of sale of real property, a deposit receipt

4

from an expired contract for the sale of real property, a declaration of trust, an execution issued on a judgment, a judgment, a decree, a lease, a lien that has become barred or unenforceable, a mortgage, a record of a plat subdividing land, a road district bond, a sale under execution, a tax certificate, or a will. *Id.* Plaintiff alleges none of these. Instead, Plaintiff alleges the following: (i) that Defendant "made false and misleading representation [sic] of material facts relating to the ownership of an interest in this property by recording an assignment of mortgage," (ii) that Defendant "misrepresented that it obtained an ownership interest of the mortgage from Bank of America, which was false," and (iii) that Defendant has "continued to claim an equitable interest in Plaintiff's property." Although difficult to discern, Plaintiff's quiet title claim appears to be based either upon an alleged improperly recorded assignment or, alternatively, upon both the assignment and representations of Defendant that were independent of any recorded document.

Despite over one year's worth of time to provide authority to the Court to establish her legal entitlement to a suit for quiet title, Plaintiff has proffered only a single Florida case, *Nogueira v. Helker*, 139 So. 2d 895 (Fla. Dist. Ct. App. 1962).[2] However, *Nogueira* has no relevance to the case at bar because *Noguiera* addresses quiet title in the context of a contract for sale of real estate.

The Court is left to attempt to reconcile Plaintiff's allegations with what the Court construes as the basis for quiet title which most closely resembles Plaintiff's allegations and which

---

[2] Plaintiff also attempts to cite to four cases decided under New York law, but those cases have no bearing on the cause of action alleged here; moreover, even if some authority facially could be found for Plaintiff's legal argument in these cases, they were still decided under New York law pursuant to a quiet title statute that differs from Florida's. Plaintiff cites to *Nials v. Bank of America*, No. 13-CV-5720, 2014 WL 2465289 (S.D.N.Y. May 30, 2014), but the plaintiff's theory in that case was that the defendant had no interest in the property through the mortgage *and note*. *Id.* at *2. Plaintiff cites to *Barberan v. Nationpoint*, 706 F. Supp. 2d 408 (S.D.N.Y. Mar. 2, 2010), but the plaintiffs' theory in that case was that they had *not signed the note*. *Id.* at 419. Plaintiff cites to *Honig v. U.S. Bank N.A.*, 975 N.Y.S.2d 709 (N.Y. Sup. Ct. 2013), but that case involved unusual facts and an assignment that appeared to be a nullity on its face. *Id.* at 3-5. Plaintiff cites to language in *Knox v. Countrywide Bank*, 4 F. Supp. 3d 499 (E.D.N.Y. 2014), but the language cited by Plaintiff stems from a New York state statute that uses a different standard for suits to quiet title than the state of Florida. *Id.* at 513.

5

clearly is permitted by law. More specifically, the Court considers whether Plaintiff's allegations could be considered to be a valid claim for quiet title under the theory that a mortgage has clouded her title.

A mortgage may cloud title if it is improperly recorded or if it is satisfied but not removed. *See Matheson v. Thompson*, 20 Fla. 790 (1884). Plaintiff does not, however, allege that she has satisfied her mortgage and that the mortgage continues to encumber her interest in the property. Nor does Plaintiff allege that the mortgage on her property is invalid or that a second, unauthorized mortgage has been filed against her property. Instead, Plaintiff alleges that she received a loan to purchase her property, that a valid mortgage was filed on her property to secure the loan, and that she no longer is personally obligated to make payments pursuant to the loan because her personal liability was discharged via bankruptcy.

Turning back to the factual allegations that form Plaintiff's claim for quiet title, the first such predicate, which pertains to an assignment that Plaintiff attached to her complaint, goes to the ownership interest of Defendant *in a note that is secured by a mortgage on the property*—not Plaintiff's underlying title to the property. Plaintiff's attempt to base her claim on an alleged improper assignment is misguided. An improper assignment does not disturb the validity of the underlying mortgage. *See In re Halabi*, 184 F.3d 1335, 1338 (11th Cir. 1999) ("From the point of view of the mortgagor or someone standing in his shoes, a subsequent assignment of the mortgagee's interest-*whether recorded or not*-does not change the nature of the interest of the mortgagor or someone claiming under him. Nor should a failure to record any subsequent assignment afford the mortgagor or the trustee standing in his shoes an opportunity to avoid the mortgage.") (emphasis added). An action based upon improper assignment would lie with the

6

party who acquired the rights to the underlying promissory note. *See Harvey v. Deutsche Bank Nat. Trust Co.*, 69 So. 23 300, 304-05 (Fla. Dist. Ct. App. 2011). Florida is a lien theory state, and title remains vested in the mortgagor. *See Luneke v. Becker*, 621 So. 2d 744, 746 (Fla. Dist. Ct. App. 1993). The lien remains valid until it is satisfied or barred by the Florida statute of repose. Fla. Stat. § 95.281(1).

With respect to Plaintiff's second and third factual predicates—that Defendant has "misrepresented that it obtained an ownership interest of the mortgage from Bank of America" and that Defendant has "continued to claim an equitable interest in Plaintiff's property"—to the extent these allegations are intended to be based upon the aforementioned recorded assignment they fail for the same reasons delineated above. Alternatively, if these allegations are intended to be based upon actions of Defendant independent of the assignment attached to Plaintiff's Complaint: (i) no other recorded document has been provided or alleged and (ii) in Florida, mere assertions of ownership (such as an oral assertion) are not cognizable in a suit for quiet title. *See Brass v. Reed*, 64 So. 2d 646 (Fla. 1953). Similarly, slander of title is not cognizable in a suit for quiet title. *See id.*

In summary, there is no alleged cloud upon Plaintiff's property. It is encumbered by a mortgage that Plaintiff does not dispute. Plaintiff's Count VIII therefore is **DISMISSED** and, because the time for amended pleadings in this case has now passed and Plaintiff is on the fifth iteration of her complaint, as discussed *supra*, the Court's dismissal is **WITH PREJUDICE**.

### 3. Plaintiff's RESPA claim (Count IX)

A plaintiff may state a cause of action under the Real Estate Settlement Procedures Act if the plaintiff alleges that he or she sent a "qualified written request" to a mortgage servicer and the

7

mortgage servicer failed to take proper action in response to the request as specified under the Act. *See* 12 U.S.C. § 2605(e). For a document to fall within the definition of a qualified written request under RESPA, the document must contain information that (i) shows why a plaintiff believes his or her loan account servicing was in error or (ii) seeks information pertaining to the servicing of the loan. *Id.* In the Court's December 18, 2014 Order, the Court dismissed Plaintiff's RESPA count without prejudice. The Court's dismissal was because, as pled, the letter Plaintiff attached to her complaint (that she alleged was a qualified written request) appeared to the Court to merely seek documents related to the ownership of her mortgage and dispute the validity of the debt. Such a request does not state a cause of action under RESPA. *See Echeverria v. BAC Home Loans Servicing, LP*, 900 F. Supp. 2d 1299, 1306-07 (M.D. Fla. 2012) (finding that a request for a copy of a promissory note was not a qualified written request); *Ward v. Sec. Atl. Mortg. Elec. Registrations Sys., Inc.*, 858 F. Supp. 2d 561, 574-75 (E.D.N.C. 2012) (finding letter seeking copies of loan documents and assignments of deeds was not a qualified written request under RESPA).

Because Count IX had received only a tangential focus in the briefing papers before the Court in Defendant's prior motion to dismiss, when the Court issued its prior Order the Court gave Plaintiff the opportunity in her Amended Complaint to plead this issue with greater clarity. Plaintiff has highlighted certain subparagraphs in the letter which relate to the servicing of Plaintiff's mortgage. For example, paragraph seven of the letter attached to Plaintiff's Amended Complaint (which Plaintiff again alleges is a qualified written request) seeks address information for servicers; paragraph twelve seeks an itemized list of charges against Plaintiff's account; and paragraph thirteen seeks an itemized statement of the escrow account associated with Plaintiff's

mortgage. DE 142-2. These requests facially purport to "seek[] information pertaining to the servicing of the loan" and, as such, Plaintiff has stated a cause of action under 12 U.S.C. § 2605(e).

Portions of Plaintiff's proffered letter, however, do not pertain to the servicing of Plaintiff's loan and indeed the stated purpose of the letter, on page one, is inapposite with the standard for a qualified written request. The basis for the Court's earlier dismissal of Count IX remains unchanged and as a result all allegations in Count IX that do not strictly pertain to the servicing of Plaintiff's mortgage are again **DISMISSED**.[3] For all of the reasons discussed above, the Court's dismissal is **WITH PREJUDICE**. To the extent Count IX is premised upon allegations that strictly pertain to the *servicing* of Plaintiff's mortgage, however, Count IX **SURVIVES**. Accordingly, Count IX is **DISMISSED IN PART**.

### 4. Plaintiff's Claim for Declaratory Relief (Count X)

Plaintiff's request for declaratory relief continues to be poorly pled. Most significantly, the legal basis for Plaintiff's declaratory relief is unclear. Plaintiff asserts that her request for declaratory relief at least partially is premised upon 12 C.F.R. § 227.15, yet Plaintiff concedes there is no private cause of action under 12 C.F.R. § 227.15. Plaintiff also alleges that a basis for her declaratory relief is those claims that previously have been transferred to bankruptcy court and, as Plaintiff believes, should be transferred back to this Court. DE 147 at 15 n.9. Furthermore, although the Court could infer that Plaintiff is seeking a declaration pursuant to the terms of the promissory note that gave rise to the mortgage on her property, the Court simply cannot discern whether this is, in fact, one of the grounds upon which Plaintiff's declaratory count is premised.

---

[3] The Court concludes that Plaintiff's allegations in Count IX conflate, to a degree, the allegations that pertain to servicing and the allegations that pertain to matters that do not qualify for a qualified written request (such as disputes over the validity of the debt and the "true owner" of the mortgage).

The specific relief sought by Plaintiff in Count X is also unclear. For example, within the same count Plaintiff seeks a declaration (i) that certain attorney's fees and inspection fees are unreasonable, (ii) that certain collections efforts are illegal, (iii) that Defendant is improperly adding interest and late fees to the principal balance due under the mortgage, (iv) that Plaintiff's interest in her property is superior to that of Defendant, and (v) that Defendant recorded an improper mortgage assignment.[4] Despite the confusion and lack of clarity surrounding Count X, Plaintiff's Response to Defendant's Motion to Dismiss devotes essentially a single page to explaining the legal basis for this count.

As the Court still cannot discern the legal basis and sought-after relief in this Count, Count X is **DISMISSED WITH PREJUDICE**.

### 5. Plaintiff's Fair Credit Reporting Act Claim (Count XI)

In the Court's December 18, 2014 Order, the Court dismissed Count XI without prejudice for the following reasons:

> Plaintiff alleges that Defendant Nationstar violated the Fair Credit Reporting Act by accessing Plaintiff's personal credit report when Nationstar knew that Plaintiff was not personally liable for the mortgage on her residence. A facially sufficient claim under the FCRA requires, however, that Defendant's actions were willful or negligent and that Defendant used the credit report for an impermissible purpose. *See Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 396-97 (S.D.N.Y. 2014). Moreover, a plaintiff's allegations cannot be conclusory and must include specific facts as to a defendant's mental state when the report was accessed. *See id.* Because Plaintiff's Complaint fails to clearly set forth such allegations, Count XI is dismissed without prejudice.

In response, Plaintiff has amended her Complaint to include allegations as to Defendant's mental

---

[4] It is unclear how these final two requests for declaratory relief differ from Plaintiff's claim for quiet title. The Court soundly rejects Plaintiff's argument that Defendant is precluded from raising certain objections to Count X (as well as other counts) because these arguments were not raised in prior motions to dismiss. The pleadings in this case, particularly the early pleadings, lacked sufficient clarity for Plaintiff to invoke such arguments now.

state and the specific time at which her consumer information was accessed.

Defendant argues that Plaintiff cannot assert a FCRA claim. Because Defendant had a prior relationship (by succession) with Plaintiff wherein credit was extended and because Defendant continued to have a valid mortgage against the property owned by Plaintiff, Defendant argues that Plaintiff cannot allege an impermissible purpose notwithstanding Plaintiff's bankruptcy discharge. Defendant's position is premised upon the case of *Germain v. Bank of America*, No. 13-CV-676-BBC, 2014 WL 5802018 (W.D. Mis. Nov. 7, 2014).

In *Germain*, the district court noted, "I conclude that discharge of a debt alone does not extinguish defendant's right to obtain plaintiffs' consumer reports. Until the borrower has fulfilled his debt obligation, lenders may still use the borrower's consumer report to review the account." *Id.* at *6. Defendant does not persuasively address, however, certain other critical portions of the *Germain* court's decision. For example, despite concluding that the defendant in that case *could* access a discharged plaintiff's credit report, "[i]t remain[ed] necessary to decide individual questions about the status of plaintiffs' obligations to defendant and whether defendant reviewed the account for legitimate purposes." *Id.* The *Germain* court therefore considered *evidence* to evaluate Plaintiff's FCRA claims and to decide whether the *possibility* that the defendant had accessed consumer information for a permissible purpose was, in fact, the truth.

The *Germain* court also identified at least two other decisions where a federal district court held that a servicing company could *never* access a discharged plaintiff's consumer report for a permissible purpose. *See id.* The Court concludes that, like the parties in *Germain*, the parties in this case should have the opportunity to obtain evidence on the question of why Plaintiff's consumer information was accessed. Accordingly, Plaintiff's Count XI **SURVIVES** Defendant's

Motion to Dismiss.

## IV.  CONCLUSIONS AND RULING

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Nationstar's Motion to Dismiss [DE 144] is **GRANTED IN PART AND DENIED IN PART**.  Count VIII and Count X both are **DISMISSED WITH PREJUDICE**.  Count IX is **DISMISSED IN PART WITH PREJUDICE**.  Count XI **SURVIVES**.  Defendant shall answer or file a responsive pleading within seven (7) days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 8th day of April, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record